NOT DESIGNATED FOR PUBLICATION

No. 119,934

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of N.N.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS E. FOSTER, judge. Opinion filed December 20, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Robb Edmonds*, of Bath and Edmonds, P.A., of Overland Park, and *Cheryl A. Pilate*, of Morgan Pilate LLC, of Kansas City, Missouri, for appellant/cross-appellee.

*Andrew J. Jennings*, assistant district attorney, and *Stephen M. Howe*, district attorney, for appellee/cross-appellant.

Before BUSER, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: N.N. appeals his juvenile adjudication of one count of sexual exploitation of a child and one count of breach of privacy. N.N. raises four issues on appeal: (1) The district court erred in raising the independent source doctrine sua sponte to admit derivative evidence—a video later obtained from N.N.'s iCloud account—following an unlawful initial search of N.N.'s phone; (2) the district court erred in denying his motion to suppress evidence on Fourth Amendment grounds; (3) the district court should have suppressed the victim's identification of herself in the iCloud video because the identification procedures were impermissibly suggestive; and (4) the State failed to provide an adequate foundation to admit the video at trial. The State cross-appealed the district court's ruling that the initial search of N.N.'s phone was unlawful on

1

statutory grounds but concedes the video later obtained from N.N.'s iCloud account should not have been admitted as the product of an independent source.

We agree with N.N. the independent source doctrine should not have been applied to admit the video. We also agree with N.N. the initial search and seizure of the phone were unlawful within the meaning of K.S.A. 22-3216(1) because Detective Shannon Leeper left the jurisdiction of her appointing authority—Lenexa—in violation of K.S.A. 2018 Supp. 22-2401a to investigate a crime in a foreign jurisdiction—Olathe. Thus, the statutory suppression remedy under K.S.A. 22-3216 applies to the evidence obtained from N.N.'s phone and all derivative evidence obtained as a result thereof. Because the evidence discovered in the unlawful search of N.N.'s phone led the State to obtain a warrant to search N.N.'s iCloud account, all evidence seized from the iCloud account must be suppressed as "fruit of the poisonous tree." We affirm in part, reverse in part, and remand with directions.

FACTS

N.N. and S.R. were students at Olathe Northwest High School (ONW). Between November 2015 and January 2016, they engaged in a consensual sexual relationship in the basement of the house where N.N. lived in Lenexa. After the relationship ended, one of S.R.'s friends told her there was a rumor about a video of N.N. and S.R. having sex circulating among ONW students. S.R. spoke to Olathe Police Officer Steve Sebasto, the school resource officer assigned to ONW. S.R. told Sebasto she had not seen the video and had no personal knowledge of it. Based on S.R.'s statements, Sebasto determined any such video would have been created at N.N.'s home in Lenexa and advised S.R.'s father that any criminal complaint would need to be filed with the Lenexa Police Department.

S.R. and her father filed a complaint with the Lenexa Police Department. Lenexa Police Department Detective Shannon Leeper was assigned to investigate S.R.'s

complaint. Leeper called Sebasto and informed him she would be conducting the investigation. Leeper then went to ONW to question N.N. and search his phone. N.N. was removed from class and brought to a conference room at ONW for questioning by Leeper. Sebasto was present during the questioning and asked only a few questions. Leeper told N.N. she heard there was a video of N.N. and S.R. and wanted to search his phone. Leeper gave N.N. a consent-to-search form, which he signed. Leeper did not find the rumored video on N.N.'s phone but found a photo of another person's bare buttocks. N.N. explained it was a photo one of his male friends had taken of himself and sent to N.N. Eventually, N.N. indicated he was concerned he needed to speak with a lawyer before continuing to speak with the officers. Leeper told N.N. she was going to keep his phone and take it to the police station in Lenexa to continue searching it.

Leeper sought a search warrant for N.N.'s phone based on her belief it contained a photograph of an underage person's buttocks. A forensic search of the phone revealed an additional photo appearing to be a thumbnail still frame image from a video depicting a sexual act. Leeper contacted S.R. to identify the photo; S.R. indicated she believed she was depicted in the photo. Leeper then sought a search warrant for N.N.'s iCloud account. The search revealed a video of two people having sex. S.R. subsequently identified herself and N.N. as the individuals depicted in the video. N.N. was charged in a juvenile complaint with conduct that would have constituted the crimes of sexual exploitation of a child and breach of privacy had the acts been committed by an adult.

Numerous pretrial motions were filed requiring several evidentiary hearings. One of N.N.'s motions requested suppression of the evidence based on the unlawful search and seizure of his phone. N.N. also alleged S.R.'s identification of the video required suppression because Leeper used improper identification techniques. During the trial, N.N. made several timely objections to the State's foundation for admitting the video. The district court held the initial search of N.N.'s cell phone was unlawful because Leeper violated K.S.A. 2018 Supp. 22-2401a by going to ONW without a proper request

for assistance from the Olathe Police Department. The district court suppressed all evidence derived from the warrantless search of N.N.'s phone as well as the forensic search of the phone based on the search warrant. However, the district court clarified its suppression ruling did not extend to the subsequent search of N.N.'s iCloud account. It found the video obtained from the search of the iCloud account was the product of an independent source under the second search warrant.

The district court admitted the video into evidence at trial and allowed it to be published to the jury over N.N.'s objections. The jury convicted N.N. of sexual exploitation of a child and breach of privacy. N.N. filed a posttrial motion for judgment of acquittal, which the district court denied. The district court placed N.N. on supervised probation until his 21st birthday, which was approximately 10 1/2 months from N.N.'s sentencing date. N.N. timely appealed. The State timely cross-appealed.

Additional facts are provided as necessary below.

ANALYSIS

*K.S.A. 22-3216 requires suppression of all of the evidence seized.*

N.N. argues the district court erred in admitting the video obtained from the search of his iCloud account in spite of suppressing the evidence derived from the search of his phone. In reviewing the district court's grant or denial of a motion to suppress evidence, the appellate court determines whether the factual findings underlying the trial court's suppression decision are supported by a substantial competent evidence standard. The ultimate legal conclusions drawn from those factual findings are reviewed under a de novo standard. Appellate courts do not reweigh the evidence or reassess the credibility of the witnesses. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016).

The State now concedes the district court erred in applying the independent source doctrine as an exception to the exclusionary rule. The State concedes it would not have sought the warrant to search the iCloud account absent the information obtained from the search of N.N.'s phone. In its brief, the State claims its cross-appeal "disputes that Lenexa violated K.S.A. 22-2401a," and "also argues that if this Court does find that Lenexa violated K.S.A. 22-2401a, the current case law would not merit suppression as the appropriate remedy." In his response brief, N.N. asserts the State's cross-appeal does not actually address whether Leeper violated K.S.A. 2018 Supp. 22-2401a. We agree with N.N.

*The evidence obtained from the search of N.N.'s phone was properly suppressed based on the statutory suppression remedy under K.S.A. 22-3216.*

N.N. filed a motion to suppress evidence "pursuant to K.S.A. 22-3216," arguing the evidence was "obtained in violation of the Fourth Amendment to the United States Constitution, Section 15 of the Kansas Constitution, and K.S.A. 22-2401a." In response, the State argued Leeper did not violate K.S.A. 2018 Supp. 22-2401a based on the exception under K.S.A. 2018 Supp. 22-2401a(7). The State asserted "Leeper could reasonably conclude she had observed a crime while she observed nudity and drug usage on [N.N.'s] phone." At oral argument on the motion, the State asserted Sebasto "call[ed] his sergeant to find out what to do, and he had said . . . that there was some discussion 'I will turn it over to Lenexa.'" The State argued, "I think within that statute—that's certainly why Lenexa got involved in that investigation. I would rest on a lot of what we had put in our motion." Without explicitly arguing the point, the State alluded to the exception for a request for assistance from law enforcement officers within the jurisdiction under K.S.A. 2018 Supp. 22-2401a(2)(b). The district court rejected the State's arguments, holding:

> "The exceptions listed under K.S.A. 22-2401a(2), (5), or (7) did not grant Det.
> Leeper the authority to exercise her police powers in Olathe. When Det. Leeper travelled

5

to Olathe on April 5, 2016, and interviewed and seized property from [N.N.] and [N.N.'s younger brother], she was not there due to a request for assistance from [the Olathe Police Department], but to conduct her own investigation. When she did so she was acting outside the city limits of Lenexa, she was not on property owned or operated by Lenexa she was [not] acting on a request for assistance by [the Olathe Police Department], she was not in fresh pursuit of a person, she was not executing a warrant, and she had not observed a crime being committed. Therefore, Det. Leeper was acting outside of her authority when she interviewed [N.N.] and [N.N.'s younger brother] in Olathe and seized property from them on April 5, 2016."

The district court held Leeper's search and seizure of N.N.'s cell phone "was in violation of K.S.A. 22-2401a because she was exercising her police powers, not acting as [a] private citizen when she searched and seized [N.N.'s] . . . personal cell [phone]." The district court held:

"All evidence derived from the illegal search and seizure of [N.N.'s] personal cell phone is suppressed, including the photo and email discovered on his phone. [N.N.'s] cell phone number and email address are not suppressed as they were commonly known among those within the school community and there are other sources for that information."

On cross-appeal, the State cites no recognized exception under K.S.A. 2018 Supp. 22-2401a. In its issue heading, the State asserts the district court "erred in finding the Lenexa Police violated K.S.A. 22-2401a by going to a school in the Olathe city limits without a request for assistance." However, the State fails to actually argue this point, much less cite the statutory exception for a request for assistance under K.S.A. 2018 Supp. 22-2401a(2)(b). At best, the State incidentally raises but fails to argue the point in discussing the reasons Sebasto told S.R. and her father to contact the Lenexa Police Department. However, a point incidentally raised but not argued is deemed waived or abandoned. *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018). In any event, the State fails to argue Sebasto or anyone from the Olathe Police Department requested

assistance from Leeper or the Lenexa Police Department. Rather, the State asserts "after he learned the crime happened in Lenexa," Sebasto "turned the investigation over to Lenexa." But Leeper admitted Sebasto did not call to request her assistance. Sebasto's failure to request Leeper's involvement in the investigation in Olathe becomes fatal to the State's position. See *State v. Vrabel*, 301 Kan. 797, 806, 347 P.3d 201 (2015) ("'acquiescence or acceptance of assistance'" by the invaded jurisdiction does not constitute a request for assistance from the foreign officers).

The State incidentally raises another point in its cross-appeal, arguing "the iCloud information should have been allowed into evidence because the seizure of the phone was not unconstitutional." Without further explanation, the State asserts this is a basis for upholding the trial court's decision as right for the wrong reason. This argument is flawed. The State's argument—much the same as its remaining arguments on this issue— fails to acknowledge the statutory suppression remedy does not come from K.S.A. 2018 Supp. 22-2401a. Rather, the statutory basis for suppression arises under K.S.A. 22-3216(1): "Prior to the trial a defendant aggrieved by an unlawful search and seizure may move for the return of property and to suppress as evidence anything so obtained."

In *Vrabel*, our Supreme Court explained: "[T]he statutory right to suppress evidence is not restricted to those defendants who were aggrieved by an *unconstitutional* search and seizure. Instead, the statute applies to an *unlawful* search and seizure . . . and . . . the word 'unlawful' is often used in the context of a violation of state law." *Vrabel*, 301 Kan. at 810. In *State v. Gray*, 306 Kan. 1287, 1297, 403 P.3d 1220 (2017), our Supreme Court recognized this statutory suppression remedy was broader than the constitutional protection against unlawful searches and seizures, stating: "[T]he Kansas Legislature has tied the suppression remedy to one consideration and one consideration alone: Was there 'an *unlawful* search and seizure?' K.S.A. 22-3216(1). If so, suppression is an appropriate remedy."

The State's argument for upholding the district court's decision as right for the wrong reason fails under *Gray*, 306 Kan. at 1297. The only argument the State briefs in its cross-appeal is whether suppression was an appropriate remedy. However, its argument is unpersuasive. In *Gray*, our Supreme Court stated: "We ultimately ruled that *Vrabel* was not a search and seizure case at all, and thus there was no statutory suppression remedy to consider." 306 Kan. at 1296. Like N.N., Vrabel argued evidence should be suppressed under K.S.A. 22-3216 based on a violation of K.S.A. 2014 Supp. 22-2401a. *Vrabel* held there was no statutory suppression remedy because there had been no search or seizure; the unlawful conduct was a controlled drug buy in Leawood by officers from the Prairie Village Police Department. However, *Vrabel* stated: "[T]he suppression of any evidence obtained during a city officer's unauthorized exercise of police power outside the officer's employing city—*other than a search or seizure*—will generally not be required." (Emphasis added.) 301 Kan. at 813-14.

Here, Leeper seized and searched N.N.'s phone. Suppression was an appropriate remedy if there was an unlawful seizure and search. See *Gray*, 306 Kan. at 1297. The district court found Leeper's search and seizure of N.N.'s phone was unlawful because she did so in violation of K.S.A. 2018 Supp. 22-2401a. The State has not properly argued Leeper's actions were lawful under K.S.A. 2018 Supp. 22-2401a. When Leeper investigated the matter at ONW by questioning N.N. and searching and seizing his phone, she was clearly outside the defined city limits of Lenexa and was therefore acting outside the scope of her authority as a Lenexa law enforcement officer. Leeper's investigation in Olathe was in excess of the authority granted to her to act as law enforcement officer in Lenexa without Olathe's specific request for her help. See K.S.A. 2018 Supp. 22-2401a(2)(b). Leeper's search and seizure of N.N.'s phone at ONW was unlawful; therefore, suppression was an appropriate remedy under K.S.A. 22-3216. See *Gray*, 306 Kan. at 1297; *Vrabel*, 301 Kan. at 813-14.

8

Further, as *Vrabel* pointed out, suppression can be an appropriate deterrent remedy for willful and recurrent violations under the court's inherent supervisory authority even in the absence of a search or seizure. See 301 Kan. at 814. Leeper testified it was "not unusual at all" for her to go outside Lenexa to investigate crimes. At the suppression hearing, Leeper was asked: "So this was a deliberate decision on your part to leave your jurisdiction and go to Olathe; is that correct?" She responded, "Yes, that's correct." And Leeper testified her purpose in going to ONW was to speak with N.N. and search his phone. It appears from Leeper's testimony she gave no consideration to her limited authority under K.S.A. 2018 Supp. 22-2401a to leave Lenexa and go into Olathe to investigate a crime that allegedly occurred in Lenexa.

This testimony also likely establishes a willful and recurrent violation. However, we do not need to go there because suppression was appropriate under K.S.A. 22-3216 based on an *unlawful* search and seizure. The search and seizure of N.N.'s phone was done outside of Leeper's appointing jurisdiction. And Leeper violated the statutory restrictions established in K.S.A. 2018 Supp. 22-2401a for officers to leave their appointing jurisdiction. See *Gray*, 306 Kan. at 1297; *Vrabel*, 301 Kan. at 813-14.

*The district court erred in admitting derivative evidence from the unlawful search of N.N.'s phone.*

The district court properly suppressed the evidence obtained from the search of N.N.'s phone. The State filed a motion for clarification and reconsideration of the district court's suppression order. The State specifically asked the district court to clarify whether the order suppressing all evidence derived from N.N.'s phone included the evidence subsequently obtained in the search of the iCloud account. The State explicitly indicated "in the absence of the information obtained from the first search warrant, the State would not have pursued the second search warrant." It characterized the second warrant as "a piggyback warrant for additional information" based on the still photo of a possible video

file seen in the search of the phone, which was not on the phone itself. The State indicated it was seeking clarification on the scope of the suppression order to determine whether it needed to file an interlocutory appeal. The State expressly told the district court it did not "have a good faith argument that the video that was obtained via the iCloud . . . would have been obtained unless the State searched the first cell phone." Nevertheless, the district court found sua sponte the evidence obtained from the search of the iCloud account was admissible as the product of an independent source.

Therefore, the evidence obtained from the search of the iCloud account was derivative evidence found only upon the unlawful search of the phone. The State concedes the district court erred in sua sponte applying the independent source doctrine as an exception to the exclusionary rule. We agree. The video obtained in the search of the iCloud account should have been suppressed as "fruit of the poisonous tree." See *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963); see also *Segura v. United States*, 468 U.S. 796, 804, 104 S. Ct. 3380, 82 L. Ed. 2d 599 (1984) (under the exclusionary rule, a court may suppress the "primary evidence obtained as a direct result of an illegal search or seizure" and "evidence later discovered and found to be derivative of an illegality"). To avoid the application of the exclusionary rule based on an independent source, the source from which the evidence is ultimately obtained must be "wholly unconnected" to the initial illegality. *Segura*, 468 U.S. at 814. Here, it was not.

Although the State expressly concedes the district court erred, we also find the district court's decision was erroneous on general legal principle. "It is error for the trial court to raise, *sua sponte*, nonjurisdictional issues." *Huffmier v. Hamilton*, 30 Kan. App. 2d 1163, 1166, 57 P.3d 819 (2002). An exception to the exclusionary rule is not a jurisdictional issue. Further, K.S.A. 22-3216(2) provides "the burden of proving that the search and seizure were lawful shall be on the prosecution." Here, the district court granted N.N.'s motion under K.S.A. 22-3216. The State conceded it failed to meet its burden to prove the search of the iCloud account was lawful when it repeatedly told the

district court it would not have obtained the iCloud search warrant absent the information obtained from Leeper's initial warrantless search of N.N.'s phone and the later forensic search of the phone under the first warrant.

For these reasons, we hold all evidence obtained from the search and seizure of N.N.'s phone and all derivative evidence, including the iCloud video, should be suppressed. Accordingly, we find it unnecessary to address N.N.'s remaining arguments.

Affirmed in part, reversed in part, and remanded with directions for the district court to grant N.N.'s motion to suppress all evidence obtained from the searches of N.N.'s phone and iCloud account.